UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                                                                  Case No: 8:22-cv-1010-TPB-JSS

A TO Z GULFCOAST SERVICES,
LLC and SHAUN MCGLAUN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for entry of a final default declaratory judgment against Defendants A to Z Gulfcoast Services, LLC (A to Z) and Shaun McGlaun (McGlaun) pursuant to Federal Rule of Civil Procedure 55(b) and Middle District of Florida Local Rule 1.10(c). (Motions, Dkts. 21, 22.)  For the reasons that follow, the undersigned recommends that the Motions be granted and default judgment be entered in Plaintiff's favor against Defendants.

### BACKGROUND

Plaintiff brings this action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Florida Statutes Chapter 86. (Dkt. 1.) According to Plaintiff's Complaint, McGlaun filed an action against A to Z in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, for damages that McGlaun allegedly

sustained when he fell from a ladder while performing roofing and framing work for A to Z (the Underlying Action). (*Id.* ¶ 11.)[1] Plaintiff is providing a defense to A to Z in the Underlying Action subject to a commercial general liability insurance policy issued to A to Z by Plaintiff (the Insurance Policy). (*Id.* ¶ 20.) With this action, Plaintiff seeks a ruling that, pursuant to the terms of the Insurance Policy, it has no duty to defend or indemnify A to Z in the Underlying Action. (*Id.*)

Under the Insurance Policy, Plaintiff agreed to provide coverage to A to Z for "bodily injury" caused by an "occurrence" within the "coverage territory" and during the policy term. (Dkt. 1-3 at 25.) The "coverage territory" includes the United States (*Id.* at 39) and the policy term was from April 10, 2018 to April 10, 2019 (*Id.* at 6). "Bodily injury" is defined as "bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time." (*Id.* at 38.) An "occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 40.) Pursuant to the Insurance Policy, Plaintiff agreed to "pay those sums that [A to Z] becomes legally obligated to pay as damages because of 'bodily injury' [] to which this insurance applies" and to "have the right and duty to defend [A to Z] against any 'suit' seeking those damages." (*Id.* ¶ 23; Dkt. 1-3 at 25.)

---

[1] McGlaun's amended complaint in the Underlying Action also asserts one count of negligence against another defendant, Pinellas Construction Services. (Dkt. 1 ¶ 12; Dkt. 1-2.)

Coverage under the Insurance Policy is also subject to several exclusions, including, as relevant here, a Workers Compensation Exclusion and an Employer's Liability Exclusion.  (*Id.* ¶ 24; Dkt. 1-3 at 26–30, 43–44.)  The Workers Compensation Exclusion provides that "[t]his insurance does not apply to . . . [a]ny obligation of the insured under a workers compensation . . . law."  (Dkt. 1 ¶ 30; Dkt. 1-3 at 26.)  The Employer's Liability Exclusion provides that the insurance does not apply to "bodily injury" to "[a]n 'employee' of any insured arising out of and in the course of employment by any insured" and excludes from the definition of an "insured" an entity where the claim is for "bodily injury" "[t]o an 'employee' of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business."  (Dkt. 1 ¶ 25; Dkt. 1-3 at 43.)[2]

Plaintiff seeks a ruling that, pursuant to the Workers Compensation Exclusion and the Employer's Liability Exclusion, Plaintiff has no duty to defend or indemnify A to Z in the Underlying Action.  (Dkt. 1, Count I.)  After the complaint was served, neither Defendant appeared or otherwise defended this action.  On July 7, 2022, Plaintiff moved for entry of a clerk's default against both Defendants (Dkts. 17, 18), and the Clerk of the Court subsequently entered defaults.  (Dkts. 19, 20.)  Plaintiff now

---

[2] The Insurance Policy defines "employee" non-exclusively as including a "leased worker" and not including a "temporary worker."  (Dkt. 1-3 at 39.)  A "leased worker" is defined as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.  'Leased worker' does not include a 'temporary worker'."  (*Id.* at 40.)  A "temporary worker" is defined as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonable or short-term workload conditions."  (*Id.* at 42.)

moves for entry of default declaratory judgments against both Defendants. (Dkts. 21, 22.)

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

Furthermore, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] However, "before entering a default judgment . . . the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive,

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted).  Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief.  In addition to the pleadings, the court may also consider evidence presented in support of the motion for default judgment, including testimony and affidavits.  *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-civ-61389, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment).

## ANALYSIS

### A. Subject Matter Jurisdiction

Plaintiff alleges subject matter jurisdiction based on the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. 1 at 1–2.)  Under 28 U.S.C. § 1332, a plaintiff must allege that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  In an action for declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).  More specifically, in an action brought by a plaintiff-insurer for a declaratory judgment that the plaintiff is not liable under an insurance policy, "the value of the declaratory

relief to the plaintiff-insurer is the amount of *potential* liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016) (emphasis in original) (citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)); *see also Progressive Mountain Ins. Co. v. Middlebrooks*, 805 F. App'x 731, 737 (11th Cir. 2020) ("conclusory allegations that the amount in controversy is satisfied do[] not suffice and courts should demand evidence supporting jurisdiction") (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)).

Here, Plaintiff alleges that "the damages at issue are in excess of $75,000 exclusive of interest and costs." (Dkt. 1 ¶ 8.) Plaintiff further alleges that the policy at issue provides "Commercial General Liability Coverage in the amount of $1,000,000 for each occurrence." (Dkt. 1 ¶ 22.) Plaintiff also provides the court with a copy of the amended complaint in the Underlying Action (Dkt. 1-2)[4] and the Insurance Policy (Dkt. 1-3) and cites the general allegations of damages in the underlying amended complaint (Dkt. 1 ¶ 19). Plaintiff also states that it "is providing a defense to A to Z in the Underlying Action subject to the terms and provisions of the" Insurance Policy. (Dkt. 1 ¶ 20.) At the court's direction, Plaintiff provided additional information regarding the amount in controversy, including additional information about the damages sought and settlement offers made in the Underlying Action, as well as an affidavit setting forth the expected cost to defend A to Z in the Underlying Action. *See*

---

[4] The amended complaint seeks damages in excess of $30,000 but states that the "actual value of [McGlaun's] claim will be determined by a fair and just jury" in accordance with the Florida Constitution. (Dkt. 1-2 at 2.)

(Dkt. 25.) Based on Plaintiff's representations, the undersigned finds that Plaintiff has sufficiently alleged that the amount-in-controversy threshold is satisfied. Plaintiff also sufficiently alleges that the parties are diverse. *See* (Dkt. 1 ¶¶ 1–7.) The undersigned therefore finds that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### B. Service of Process

In seeking a default judgment, Plaintiff also bears the burden of establishing proper service of the complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff has filed returns showing it perfected service of process upon McGlaun, an individual, and A to Z, a limited liability company. (Dkts. 13, 14.) Federal Rule

of Civil Procedure 4(e)(2)(A) provides that an individual may be served by delivering a copy of the summons and complaint to the individual personally. Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or other unincorporated association may be served by any manner prescribed by Rule 4(e)(1) or by delivering a copy of the summons and complaint to the entity's officer, a managing or general agent, or any other agent authorized to receive service of process. Federal Rule of Civil Procedure 4(e)(1) also allows for service pursuant to state law and Florida Statutes § 48.062 in turn provides that service on a limited liability company may be effected by service on the LLC's registered agent or on a member or manager of the LLC. Plaintiff's Return of Service on individual Defendant McGlaun reflects service of process by personal delivery on May 30, 2022. (Dkt. 13.) Plaintiff's Return of Service on A to Z reflects service of process by delivery to A to Z's managing agent/owner on June 7, 2022. (Dkt. 14.) Thus, the undersigned finds that Plaintiff has properly effected service on both McGlaun and A to Z.

### C. Liability

Finally, default judgment is proper only if the well-pleaded allegations in Plaintiff's Complaint establish that Plaintiff is entitled to the relief sought. *Tyco Fire & Sec. LLC*, 218 F. App'x at 863. As noted, Plaintiff seeks a declaration that it has no duty to defend or indemnify A to Z in the Underlying Action pursuant to the Workers Compensation Exclusion and the Employer's Liability Exclusion provisions in the Insurance Policy. *See* (Dkt. 1 ¶¶ 26–40.)

As this is a diversity action, Florida law governs the interpretation of the Insurance Policy and the applicability of the policy exclusions. *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc.*, 808 F. App'x 705, 708 (11th Cir. 2020) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011)). Under Florida law, "[a]n insurer has a duty to defend if the underlying complaint 'alleges facts which fairly and potentially bring the suit within policy coverage.'" *AIX Specialty Ins. Co. v. Members Only Mgmt., LLC*, 793 F. App'x 1001, 1003 (11th Cir. 2019) (quoting *Lime Tree Vill. Cmty. Club. Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993)). An insurer's duty to defend thus "depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (emphasis in original) (quoting *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1275 (11th Cir. 2008); *see also Princeton Excess & Surplus Lines Ins. Co.*, 808 F. App'x at 708 ("Whether an insurer has a duty to defend is 'determined solely from the allegations in the complaint against the insured, not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses.'" (quoting *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So.2d 579, 580 (Fla. Dist. Ct. App. 2000)).

An insurer "may avoid the duty to defend if an exclusion applies to the face of the complaint." *J.B.D. Construction, Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 926 (11th Cir. 2014) (citing *Keen v. Fla. Sheriffs' Self-*Insurance, 962 So.2d 1021, 1024

(Fla. 4th DCA 2007)). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Princeton Excess & Surplus Lines Ins. Co.*, 808 F. App'x at 708 (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005)). "Any doubts regarding the application of an exclusion are resolved in favor of the insured." *Id.* (citing *Deni Assocs. Of Fla. v. State Farm Fire & Cas. Ins. Co.*, 711 So.2d 1135, 1138 (Fla. 1998)); *see also Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1246 (11th Cir. 2015) ("[a]ll doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured") (quoting *Grissom v. Commercial Union Ins. Co.*, 610 So.2d 1299, 1307 (Fla. 1st DCA 1992)).

Furthermore, "[a]n insurer's duty to defend is distinct from and broader than the duty to indemnify." *Lime Tree Vill. Cmty. Club. Ass'n, Inc.*, 980 F.2d at 1405. A duty to indemnify is ordinarily "dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." *J.B.D. Const., Inc.* 571 F. App'x at 927 (citation omitted). However, "as a matter of Florida law and binding Eleventh Circuit precedent, '[a] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.'" *Diaz Fritz Grp., Inc. v. Westfield Ins. Co.*, No. 21-11427, 2022 WL 99153, at *4 (11th Cir. Jan. 10, 2022) (quoting *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011)).

In the underlying amended complaint, McGlaun alleges that he was "injured in and about his body and extremities" including "a permanent injury to the body as a

- 10 -

whole" when he fell from a ladder while working at a residential home in Treasure Island, Florida on November 3, 2018. (Dkt. 1-2 at 3–4.) McGlaun thus alleges that he suffered a "bodily injury" resulting from an "occurrence" within the "coverage territory" and policy term, thereby bringing the Underlying Action within the scope of the Insurance Policy's coverage, unless one of the exclusions applies. *See* (Dkt. 1-3 at 25 (obligating Plaintiff to defend and indemnify A to Z).) Upon review of the facts alleged in the underlying amended complaint and the terms of the Insurance Policy, the undersigned recommends that both the Workers Compensation Exclusion and the Employer's Liability Exclusion preclude Plaintiff's duty to defend or indemnify A to Z in the Underlying Action.

### 1. Workers Compensation Exclusion

The Workers Compensation Exclusion states that "[t]his insurance does not apply to . . . [a]ny obligation of the insured under a workers compensation . . . law." (Dkt. 1 ¶ 30; Dkt. 1-3 at 26.) Plaintiff argues that McGlaun is a "statutory employee" of A to Z pursuant to Florida's Workers' Compensation Law and A to Z therefore had an obligation to secure workers' compensation coverage for McGlaun. Thus, the Workers Compensation Exclusion applies to preclude coverage under the Insurance Policy. (Dkt. 1 ¶ 28–29, 31.)

Under Florida law, employers are obligated to provide workers' compensation coverage for their actual and "statutory employees." *Endurance Am. Specialty Ins. Co. v. L. Pellinen Constr., Inc.*, No. 21-10256, 2021 WL 5264673, at *4 (11th Cir. Nov. 12,

2021) (citing Fla. Stat. § 440.10); *Stephens*, 749 F.3d at 1322. Florida Statutes § 440.02(15)(a) defines "employee" in part as "any person who receives remuneration from an employer for the performance of any work or service." Florida's Workers' Compensation Law further states that

> (a) Every employer coming within the provisions of this chapter shall be liable for, and shall secure, the payment to his or her employees of the compensation payable under ss. 440.13, 440.15, and 440.16. Any contractor or subcontractor who engages in any public or private construction in the state shall secure and maintain compensation for his or her employees under this chapter as provided in s. 440.38.
>
> (b) In case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.

Fla. Stat. § 440.10(1). Under Florida Law, "[s]tatutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses." *Stephens*, 749 F.3d at 1322–23 (quoting *Fla. Ins. Guar. Ass'n, Inc. v. Revoredo*, 698 So.2d 890, 892 (Fla. Dist. Ct. App. 2006)).

As noted, whether McGlaun is a "statutory employee" of A to Z is determined by the allegations in the underlying amended complaint. *See James River Ins. Co.*, 540 F.3d at 1275. The underlying amended complaint states that A to Z "owned, operated and maintained a construction company advertising its construction business to residential and commercial property owners" and describes A to Z as the "contractor" and "construction company" "in charge of the project" and "jobsite" at which

McGlaun was injured. (Dkt. 1-2 at 3–4.) The underlying amended complaint does not clearly define the relationship between McGlaun and A to Z, but does state that at the time of his alleged injuries, McGlaun "was performing roofing and framing work *for* A to Z [] and Pinellas Constructions Services at a residential home [in] Treasure Island, Florida." (*Id.* at 3 (emphasis added).) The underlying complaint further states that A to Z, "as the contractor in charge of the project owed . . . McGlaun the duty to exercise reasonable care" for his safety and that A to Z, negligently "failed to maintain or adequately maintain the construction site by providing adequate fall protection gear to *its* workers." (*Id.* at 3–4 (emphasis added).) The amended complaint further alleges that A to Z, "as the construction company in charge of the jobsite," negligently failed to supervise and eliminate hazards.[5] (*Id.* at 4.)

Thus, while the underlying complaint does not label the relationship between McGlaun and A to Z, the allegations are sufficient for the court to find that McGlaun was performing work at the jobsite for A to Z, the contractor and construction company in the charge of the jobsite, and was therefore a "statutory employee" of A to Z for purposes of Florida's Workers' Compensation Law. *See* Fla. Stat. § 440.02(15)(a) (defining "employee" in part as "any person who receives remuneration from an employer for the performance of any work or service"); *see also Endurance Am. Spec. Ins. Co. v. United Construction Engineering, Inc.*, 786 F. App'x 195, 198 (11th Cir.

---

[5] The amended complaint in the Underlying Action also describes Pinellas Constructions Service as the "contractor who pulled the permits and in charge of the project." (Dkt. 1-2 at 5.)

2019) (affirming application of workers compensation exclusion by finding that worker was "statutory employee" where exclusion "does not hinge on any distinctions between statutory employees, temporary employees, or casual workers"); *Atlantic Cas. Ins. Co. v. Innovative Roofing Sys., Inc.*, 411 F. Supp. 3d 1287, 1291–92 (M.D. Fla. 2019) (awarding final default judgment to commercial general liability insurer where policy exclusion applied to facts alleged in the underlying complaint).

The allegations in the underlying amended complaint are thus sufficient to bring the Underlying Action under A to Z's obligations pursuant to Florida's Workers' Compensation Law. *See* Fla. Stat. § 440.10(1) ("Any contractor . . . who engages in any public or private construction in the state shall secure and maintain compensation for his or her employees . . ."). The undersigned therefore recommends that the Workers Compensation Exclusion applies to preclude coverage under the Insurance Policy and Plaintiff has no duty to defend or indemnify A to Z in the Underlying Action.

### 2. Employer's Liability Exclusion

Plaintiff also argues that the Employer's Liability Exclusion applies to bar coverage because McGlaun, as a statutory employee of A to Z, sustained bodily injuries "arising out of and in the course of employment" by A to Z. (Dkt. 1 ¶ 32.) Plaintiff further argues that under the Employer's Liability Exclusion, A to Z does not qualify as an "insured" in the Underlying Action because the exclusion exempts from the definition of "insured" an entity in an action for "bodily injury" or "personal

injury" "[t]o an 'employee' of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business." (*Id.* ¶¶ 34–35.)

As described above, the undersigned finds sufficient allegations in the underlying amended complaint to conclude that McGlaun was a "statutory employee" of A to Z at the time of his alleged injuries. McGlaun also suffered the alleged injuries during the course of his performing roofing and framing work for A to Z, a construction company and contractor in charge of the project on which McGlaun was injured. *See* (Dkt. 1-3 at 3.) Florida courts "have consistently held that the term 'employee' in insurance policies also includes statutory employees." *Amerisure Ins. Co. v. Orange and Blue Const., Inc.*, 545 F. App'x 851, 854–55 (11th Cir. 2013) (citing *Revoredo*, 698 So.2d at 892 ("Statutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses."); *Dodge v. Fidelity & Cas. Co. of N.Y.*, 424 So.2d 39, 40 (Fla. Dist. Ct. App. 1982) ("[T]he terms employee in the policy should be construed to include 'statutory employees,' as that term is used in the workers' compensation law.")). Thus, because McGlaun was a "statutory employee" at the time of his alleged injuries and he was allegedly injured arising out of and in the course of his employment with A to Z, the undersigned similarly recommends that Plaintiff has no duty to defend or indemnify in the Underlying Action pursuant to the Employer's Liability Exclusion. *See, e.g.*, *Amerisure Ins. Co.*, 545 F. App'x at 854–55 (affirming application of Employer's Liability Exclusion where "[t]here is no dispute that [statutory employee] was injured while

working as a laborer at [general contractor-insured's] construction site"); *Mid-Continent Cas. Co.*, 824 F. App'x at 650–51 (affirming application of Workers Compensation Exclusion and Employer's Liability Exclusion where contractor that "retained the ultimate and overriding responsibility for the job" was "statutory employer" of injured worker).

## CONCLUSION

In sum, the undersigned finds that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and that Plaintiff has established proper service on both Defendants.[6] The undersigned further finds that pursuant to the facts alleged in the amended complaint in the Underlying Action and the terms and provisions of the Insurance Policy, the Workers Compensation Exclusion and the Employer's Liability Exclusion preclude Plaintiff from having a duty to defend or indemnify A to Z in the Underlying Action. Thus, the well-pleaded allegations in Plaintiff's Complaint establish that Plaintiff is entitled to relief sought, and default judgment is proper.

Accordingly, it is **RECOMMENDED** that:

---

[6] The undersigned also finds that Plaintiff has satisfied the requirement of 50 U.S.C. § 3931 for protection of military servicemembers against default judgments, which states that in "any civil action or proceeding . . . the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." Here, Plaintiff filed an affidavit in support of its motion for clerk's default which averred that McGlaun is not on active duty in the military. (Dkt. 17-2.)

1. Plaintiff's Motion for Default Judgment against A to Z Gulfcoast Services, LLC (Dkt. 21) be **GRANTED** and Plaintiff's Motion for Default Judgment against Shaun McGlaun (Dkt. 22) be **GRANTED**.

2. The Clerk of Court be directed to enter final judgment in favor of Plaintiff against Defendants as follows:

    a. Plaintiff Southern-Owners Insurance Company owes no duty to defend or indemnify Defendant A to Z Gulfcoast Services, LLC under the Insurance Policy in connection with the claims asserted by Defendant Shaun McGlaun against Defendant A to Z Gulfcoast Services, LLC in the Underlying Action.

    b. Plaintiff Southern-Owners Insurance Company's Insurance Policy excludes coverage to Defendant A to Z Gulfcoast Services, LLC in connection with the Underlying Action or any final judgment against Defendant A to Z Gulfcoast Services, LLC, entered therein.

**IT IS SO REPORTED** in Tampa, Florida, on November 8, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record